UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-CV-415-KKC

MARY ROSENSTEIN
and WESLEY MCDANIEL,                                                                                         PLAINTIFFS,

vs.                                            **OPINION AND ORDER**

LOWE'S HOME CENTERS, INC.                                                                            DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiffs' Motion to Remand (Rec. No. 4). For the reasons stated below, the Court GRANTS the Motion.

**I. BACKGROUND**

Plaintiffs, Mary Rosenstein and Wesley McDaniel, filed a complaint in Pulaski Circuit Court ("Complaint") against the Defendant, Lowe's Home Centers, Inc. ("Lowe's"), on August 22, 2006, alleging negligence on the part of the Defendant. The Complaint did not specify the exact amount of damages sought. (Rec. No. 1).

The Defendant filed a Notice of Removal on September 12, 2006 alleging that this Court has original jurisdiction based on 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000. (Rec. No. 1). Regarding the amount in controversy, the Notice of Removal states:

> In the Complaint, Plaintiffs set forth damages, including punitive damages, from the Defendant. Due to the allegations raised in the Complaint attached hereto, Lowe's believes that Plaintiffs seek in excess of $75,000 in damages, exclusive of interests and costs. (Rec. No. 1, pg. 2).

On October 12, 2006, the Plaintiffs filed this Motion to Remand and Motion for Attorney's Fees pursuant to 28 U.S.C. § 1447(c) alleging that the action does not satisfy the

$75,000 amount in controversy requirement of 28 U.S.C. § 1332(a), thus, the Court is without jurisdiction and must remand the case to Pulaski Circuit Court. The Plaintiffs attached a joint affidavit to their motion, in which they state, in relevant part:

> We have never demanded, claimed, requested or otherwise indicated in any way to any person that we, individually or in combination, seek or desire more than $75,000 (exclusive of interest or costs) to settle or compromise this lawsuit. Furthermore, we have never sought, and will not accept, either individually or collectively, more than $75,000 (exclusive of interest or costs) for any and all claims which could be, or have been, raised in this lawsuit. Accordingly, we hereby stipulate, singly and jointly, as a matter of fact and law that all claims raised, or which could be raised, in this lawsuit will be satisfied (if at all) by a judgment against the Defendant, Lowe's Home Centers Inc., in amount not to exceed $75,000 (exclusive of costs and interests). (Rec. No. 4).

**II. ANALYSIS**

### A. Remand

In order for diversity jurisdiction to exist, 28 U.S.C. § 1332 requires that the "matter in controversy exceed ⋯ the sum or value of $75,000, exclusive of interest and costs." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). In this matter, the Plaintiffs' Complaint did not include a specific amount of damages. (Rec. No. 1, Complaint). In cases in which the plaintiff's complaint contains an unspecified amount of damages and the damages are not limited, in the complaint, to less that the federal jurisdictional amount, the proper burden to apply to the Defendant is preponderance of the evidence or more likely than not. *Ratliff v. Merck & Co., Inc.*, 359 F.Supp.2d 571 (E.D.Ky. 2005). Thus, the burden is on the Defendant to "show by a preponderance of the evidence that the amount in controversy requirement has been met. This standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.

Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572 (citations and internal quotation marks omitted).

In considering whether the Defendant has met its burden, the Court must first look to the complaint. *Hayes*, 266 F.3d at 573. "If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute."*Suwala v. Progressive Insurance Co.*, 2005 WL 2076490 (E.D.Ky. 2005)(unpublished)(quoting *National Nail Corp. v. Moore*, 139 F.Supp.2d 848, 849 (W.D.Mich.2001)). "Additionally, district courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court."*Ratliff*, 359 F.Supp.2d at 574.

Defendant, in the Notice of Removal, simply states a belief, based on allegations in Plaintiffs' Complaint, that the Plaintiffs seek more than $75,000 in damages. (Rec. No. 1). The Defendant neither elaborates on the reasons for its belief or offers documents or other papers to show that Plaintiffs' claim more likely than not exceeds $75,000. Defendant relies on *Hayes v. Equitable Energy Resources Co.* in support of its argument that the existence of a claim for punitive damages is sufficient to meet it's burden under *Ratliff*. However, the facts and claims in *Hayes* are very different from the facts and claims before this Court. *See Hayes*, 266 F.3d 560. From the Complaint, it appears that this is a simple slip and fall case. Nothing in the Complaint suggests the amount of Plaintiffs' damages, which could be minimal, thus minimizing the exposure for a punitive award according to the principles cited in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572 (citations and internal quotation marks omitted).

In considering whether the Defendant has met its burden, the Court must first look to the complaint. *Hayes*, 266 F.3d at 573. "If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute."*Suwala v. Progressive Insurance Co.*, 2005 WL 2076490 (E.D.Ky. 2005)(unpublished)(quoting *National Nail Corp. v. Moore*, 139 F.Supp.2d 848, 849 (W.D.Mich.2001)). "Additionally, district courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court."*Ratliff*, 359 F.Supp.2d at 574.

Defendant, in the Notice of Removal, simply states a belief, based on allegations in Plaintiffs' Complaint, that the Plaintiffs seek more than $75,000 in damages. (Rec. No. 1). The Defendant neither elaborates on the reasons for its belief or offers documents or other papers to show that Plaintiffs' claim more likely than not exceeds $75,000. Defendant relies on *Hayes v. Equitable Energy Resources Co.* in support of its argument that the existence of a claim for punitive damages is sufficient to meet it's burden under *Ratliff*. However, the facts and claims in *Hayes* are very different from the facts and claims before this Court. *See Hayes*, 266 F.3d 560. From the Complaint, it appears that this is a simple slip and fall case. Nothing in the Complaint suggests the amount of Plaintiffs' damages, which could be minimal, thus minimizing the exposure for a punitive award according to the principles cited in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003).

The Plaintiffs have filed a stipulation stating that they will neither seek nor accept more than $75,000 in damages from the Defendant. (Rec. No. 4). The Sixth Circuit has held that a post-removal stipulation, reducing the amount in controversy below the federal jurisdictional amount, does not mandate remand in a case where the Court has original jurisdiction at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). However, several courts have distinguished the rule in *Rogers* in the situation where a plaintiff provides information for the first time regarding the amount in controversy in the stipulation, such as the situation in the case at hand, holding that the stipulation should be treated as a clarification rather than the type of change referred to in *Rogers*. *See Fenger v. Idexx Laboratories, Inc.*, 194 F.Supp. 2d 601, 603 (E.D.Ky.2002); *Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774, 777-778 (W.D.Ky.2002). In *Fenger v. Idexx Laboratories, Inc.* the court stated the following regarding plaintiff's stipulation:

> Here, the defendant removed this action without filing interrogatories as to the plaintiff's specific monetary damages claimed, or otherwise investigating the specific monetary amount. The plaintiff has attached an affidavit to her motion to remand, stipulating that her total damages claimed in this action are $54,000. As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the above affidavit is the first specific statement of the plaintiff's alleged damages in this case. The plaintiff's stipulation by affidavit, just as in *Cole*, did not change the information upon which the defendant relied; instead, the stipulation provided, *ab initio*, the specific damage amounts claimed.
> 194 F.Supp. 2d at 603-604.

In considering the Motion to Remand and whether the Defendant has met its burden of proving that it is more likely than not that Plaintiffs' damages exceed $75,000, three pieces of evidence are present: (1) the Plaintiffs' Complaint, which is silent on damages; (2) the Notice of Removal, which contains no basis for Defendant's belief that damages exceed $75,000; and

(3) the Plaintiffs' stipulation that they will not seek more than $75,000. Here, the Defendant has failed to show that at the time of removal, it is more likely than not that Plaintiffs' claim exceeds $75,000. Moreover, Plaintiffs have confirmed by way of sworn stipulation that they will neither seek nor accept more than $75,000. Accordingly, the case must be remanded to the Pulaski Circuit Court.

## B. ATTORNEYS' FEES

The Plaintiffs have requested that the Court award attorneys' fees under 28 U.S.C. § 1447(c). The District Court, in its discretion, may award attorneys' fees and costs following remand of a state court action. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). The finding of an improper purpose is not necessary to support an award under 28 U.S.C. § 1447(c). *Id*. However, the Court, in its discretion, declines to award attorneys' fees and costs in this case finding only that the Defendant did not meet its burden of establishing that the matter exceeds $75,000. *See Ratliff*, 359 F.Supp.2d at 578.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

(1)  This case is **REMANDED** to the Pulaski Circuit Court.

(2)  This case is **STRICKEN** from the active docket of this Court.

Dated this 9th day of January, 2007.



Signed By:
*Karen K. Caldwell*
**United States District Judge**